IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

MOHAMMAD SHEKIB ESAHAQZADA,       )
                                  )
                Petitioner,       )
                                  )
        v.                        )        Case No. 25-3145-JWL
                                  )
U.S. IMMIGRATION AND CUSTOMS      )
    ENFORCEMENT and               )
C. CARTER, Warden, FCI-Leavenworth, )
                                  )
                Respondents.      )
                                  )
_____)

## **MEMORANDUM AND ORDER**

Acting *pro se*, petitioner filed a petition for habeas corpus under 28 U.S.C. § 2241, by which he challenges his continued detention by immigration officials. For the reasons set forth below, the Court **denies** the petition.[1]

On September 10, 2024, petitioner, a native of Afghanistan, attempted to enter the United States without authorization and was placed into custody by immigration officials, who initiated expedited removal proceedings pursuant to 8 U.S.C. § 1225(b)(1). Officials determined that petitioner did not have a credible fear of persecution if removed, and on November 5, 2024, an immigration judge affirmed that determination and entered a final order of removal. Petitioner is presently detained within this judicial district. On July 25,

---

[1] The Court also denies as moot petitioner's motion to proceed without payment of the filing fee (Doc. # 2), as he has since paid the fee.

2025, petitioner filed the instant petition. Respondents and petitioner subsequently filed briefs, and the matter is therefore ripe for ruling.

By his habeas petition, petitioner challenges his continued detention, and he seeks immediate release. To obtain habeas corpus relief, petitioner must demonstrate that he is "in custody in violation of the Constitution or laws or treaties of the United States." *See* 28 U.S.C. § 2241(c)(3). This Court has habeas corpus jurisdiction to consider the statutory and constitutional grounds for immigration detention that are unrelated to a final order of removal. *See Demore v. Kim*, 538 U.S. 510, 517–18 (2003).[2]

Petitioner's sole claim is that his detention has become unreasonably indefinite without any likelihood of his removal in the reasonably foreseeable future, and that he is therefore entitled to release under the framework established by the Supreme Court in *Zadvydas v. Davis*, 533 U.S. 678 (2001). In that case, the Supreme Court held that although an alien may not be detained pursuant to 8 U.S.C. § 1231(a) indefinitely, the detention of an alien subject to a final order of removal for up to six months is presumptively reasonable in view of the time required to accomplish removal. *See id*. at 699-701. The Supreme Court further held that, beyond that six-month period, if the alien shows that there is "no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing." *See id.* at 701.

---

[2] The Court is not persuaded by respondents' argument that it lacks jurisdiction to consider petitioner's claim. Petitioner asserts only a claim under the *Zadvydas* framework, and thus petitioner's particular claim has effectively been authorized by the Supreme Court.

First, although petitioner argues that his continued detention would violate due process, it is clear that petitioner is not entitled to any process beyond that granted in the applicable immigration statutes.  Petitioner concedes in his petition that he was detained by immigration officials on the same day that he attempted entry into the United States, and he does not dispute respondents' evidence that he was detained upon entering without authorization.  An alien detained shortly after arriving is treated as an applicant for admission, and such an alien has no rights beyond those that Congress has provided by statute.  *See Department of Homeland Sec. v. Thuraissigiam*, 591 U.S. 103, 138-40 (2020).

Second, petitioner has not shown that his detention violates any statute.  Petitioner does not dispute that he was placed into expedited removal proceedings pursuant to Section 1225(b)(1), which provides for a determination by officials and then by an immigration judge concerning whether the alien has a credible fear of persecution that would entitle the alien to further asylum proceedings.  *See* 8 U.S.C. § 1225(b)(1)(B).  The expedited removal statute also provides for mandatory detention as follows: "Any alien subject to the procedures under this clause shall be detained pending a final determination of credible fear of persecution and, if found not to have such a fear, until removed."  *See id.*  Petitioner does not dispute that he was found not to have such a fear, and he has not challenged that determination; thus, under the explicit terms of the statute, petitioner's detention until eventual removal is mandatory.

Petitioner relies on *Zadvydas*, in which the Supreme Court construed Section 1231(a)(6) "to mean that an alien who has been ordered removed may not be detained beyond 'a period reasonably necessary to secure removal,' and it further held that six

months is a presumptively reasonable period." *See Jennings v. Rodriguez*, 583 U.S. 281, 298-99 (2018) (quoting *Zadvydas*, 533 U.S. at 699).  In *Jennings*, however, the Supreme Court made clear that the *Zadydas* construction does not apply to detention under Section 1225(b), which, unlike Section 1231(a)(6), sets a defined period for detention with mandatory language. *See id.* at 298-301.  Accordingly, petitioner's claim under *Zadvydas* necessarily fails, and the Court therefore denies the petition.

IT IS THEREFORE ORDERED BY THE COURT THAT the petition for habeas corpus under 28 U.S.C. § 2241 is hereby **denied**.

IT IS FURTHER ORDERED BY THE COURT THAT petitioner's motion to proceed without payment of the filing fee is hereby **denied as moot**.

IT IS SO ORDERED.

Dated this 5th day of September, 2025, in Kansas City, Kansas.

/s/  John W. Lungstrum
Hon. John W. Lungstrum
United States District Judge